**Importing Distributors**

KANE, Attorney General, June 2, 1975.—You have requested our opinion as to the legality of licensed importing distributors purchasing beer from foreign retailers and importing the same into the Commonwealth of Pennsylvania for resale without obtaining distribution rights from the manufacturer. It is our opinion, and you are hereby advised, that importing distributors may purchase alcoholic beverages from the manufacturer or other persons, including retailers, outside of the Commonwealth of Pennsylvania and there is no ban to such beverages being resold without a manufacturer's distribution grant.

This question arises due to the current popularity of Coors beer and the unwillingness of its manufacturer to market its product east of the Mississippi River. As a result of this situation, importing distributors licensed in Pennsylvania have been making retail purchases of the beverage in one of the 13 states where its manufacturer supplies it to retail vendors and are having it shipped to Pennsylvania for resale.

Section 102 of The Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §1-102, defines "importing distributor":

" 'Importing Distributor' shall mean any person licensed by the board to engage in the purchase from manufacturers and *other persons* located outside this Commonwealth and from persons licensed as manufacturers of malt or brewed beverages and importing distributors under this act, and the resale of malt or brewed beverages in the original sealed containers as prepared for the market by the manufacturer at the

place of manufacture, but not for consumption on the premises where sold. . ." (Emphasis supplied.)

As defined, an importing distributor may purchase alcoholic beverages outside the State from others as well as manufacturers. If the purchase were from the manufacturer for resale by the purchaser after transfer to Pennsylvania, there would be no question as to its propriety. The statute allows purchase from either the manufacturer or others, which includes retail vendors; thus, the transaction is equally proper whether the seller is a manufacturer or a retail outlet.

Section 431(b) of The Liquor Code, 47 PS §4-431(b), further specifies the right of importing distributors to purchase controlled beverages outside of the Commonwealth from persons not manufacturers. The cited section provides, in part:

"Except as hereinafter provided, such license shall authorize the holder thereof to sell or deliver malt or brewed beverages in quantities above specified anywhere within the Commonwealth of Pennsylvania, which, . . . in the case of importing distributors, have been purchased from manufacturers or *persons outside this Commonwealth engaged in the legal sale of malt or brewed beverages* or from manufacturers or importing distributors licensed under this article." (Emphasis supplied).

Clearly, importing distributors are not restricted to manufacturers in making foreign purchases of beer. Rather such licensees may make foreign purchases from any person legally offering malt or brewed beverages.

Section 431(b) continues:

"Each out of State manufacturer of malt or brewed beverages whose products are sold and delivered in this Commonwealth shall give distributing rights for such products in designated geographical areas to

specific importing distributors, and such importing distributor shall not sell or deliver malt or brewed beverages manufactured by the out of State manufacturer to any person issued a license under the provisions of this act whose licensed premises are not located within the geographical area for which he has been given distributing rights by such manufacturer. . ."

Nothing in this section prohibits importing distributors from making foreign purchases from nonmanufacturing sources. The direction to give distributing rights to designated geographical areas is addressed to foreign manufacturers, not importing distributors. The remainder of the quoted section pertains only to "such importing distributors" as are previously given distributing rights by the manufacturer. Further, the restrictions on those importing distributors granted distributing rights pertain to the distribution of the manufacturer's product rather than its acquisition.

Normally, a foreign manufacturer will welcome the opportunity to market his beer in Pennsylvania so that, when there is a consumer demand, he will name distributing importers and designate their geographical districts for distribution. In the usual course of business, it will be unprofitable to purchase the same manufacturer's products at foreign retail markets and import them to Pennsylvania for resale. But where, as your inquiry indicates, the manufacturer does not choose to market his product in Pennsylvania and it is profitable to purchase the product outside the State from retail vendors and transport it here for resale, The Liquor Code does not prohibit importing distributors from so doing.

We conclude that persons outside the Commonwealth engaged in the legal sale of malt or brewed beverages, not limited to manfacturers but including

retail vendors, are proper sources of supply for importing distributors. It is our opinion, and you are hereby advised, that importing distributors may purchase alcoholic beverages from foreign retail sources and import the purchased beverages into Pennsylvania for resale.